## PHILLIPS *v.* WHELCHEL, sheriff.

BECK, P. J. 1. Where an owner of a parcel of land delivered possession of the land to another party under a contract of purchase, and it was recited in the contract, which was duly signed by the owner, that the purchaser was to pay to the owner a stated sum of money per year "so long as she [the owner] lives, and then the same amount to Mary Eubanks

as long as she lives or until the sum of $475 shall have been paid, nothing further to be paid by the said [purchaser] after the death of said parties, . . and after the death of both of said parties this bond shall have the effect of a deed conveying the said described property to said [purchaser] for the consideration or sum of $475," and where subsequently the owner of the property brought an equitable suit against the purchaser, in which was involved the question as to the character of the instrument, and in which the maker of the instrument alleged that she was mentally incapable of contracting at the time she signed it; and where the purchaser, who had taken possession of the property under this instrument, filed his answer in which he made his contentions as to the character of the paper, and denied that at the time of its execution the maker was incapable of contracting, and the issue thus made was submitted to a jury, who returned the following verdict: "We, the jury, find this to be a bill of sale," and the court thereupon entered a decree that the instrument referred to above, which the jury had found to be a "bill of sale," "is a contract of sale of the property described in the petition, and the purchase-price thereof is the sum of $475, payable in monthly installments of $3 per month," etc., and also decreed payments to be made in accordance with the court's construction of the contract, and that upon failure of the purchaser to make payments in accordance with the decree an execution should be issued by the clerk of the superior court, which execution should be levied by the sheriff or his deputies as other real estate is sold under execution, etc., such a decree was not void. The verdict and decree were an adjudication of the issue made in the suit in which the decree was rendered. If the verdict was not authorized by the evidence, a motion for a new trial should have been made; or if the decree was erroneous in any respect, exceptions should have been taken to the decree, or a motion to set it aside within the statutory period of three years. Civil Code, § 4358.

2. It does not appear that there was any irregularity in entering this decree, and the statement of the purchaser in an affidavit that he "never saw the decree in the case until his property had been levied on and advertised for sale, nor did he know there was any judgment against him and his property," can not avail him as against the application of the statute fixing the time within which he should move to have the decree set aside or changed.

3. Under the facts in the case, the court did not err in refusing to enjoin the enforcement of the decree.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*

No. 9754. AUGUST 9, 1933.

*A. J. Griffin, E. J. Kimsey,* and *Herbert Kimsey,* for plaintiff. *J. B. G. Logan,* for defendant.